### J. D. Tompkins vs. F. R. Bernard, Coroner, et al.

Gunby, J.  A judgment need not be dated; 14 An. 665; but when it is dated and attested by the signature of the Judge, the date of the judgment cannot be corrected by reference to the minutes, which show that the case was tried and judgment rendered several months subsequent to the date of the written judgment.   The minutes may supplement, but cannot reform the written judgment.

2.  Where there is a patent contradiction between the date of judgment signed by the Judge and the date in the minutes of the rendition of the judgment, parol evidence will be admissible to show which date is correct.

### O. H. Cherry vs. Embry & Pilcher.

Gunby, J.  A written sale of movable property cannot be explained, varied, or contradicted by parol evidence, as between the parties thereto.   12 An. 740; Carey vs. Richardson, 35 An. Neither can circumstantial evidence of the surroundings and relations of the parties and that the property continued in the possession of the vendor, overthrow the written instrument.

2.  Parol is admissible to prove a subsequent contract, whereby the written contract was changed, discharged, or abandoned; but if defendant swears there was a subsequent agreement, and plaintiff swears there was none, the written contract will be enforced.

3.  It being proved that the property sued for belonged to plaintiff, defendants have no cause to complain of its sequestration.